IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN M. GARRISON,

    Petitioner,

v.

DAVID GRAY, WARDEN,
BELMONT CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-1153
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On June 10, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 20.) Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 21.) The case was recommitted to the Magistrate Judge for issuance of a July 15, 2019, Supplemental Report and Recommendation. (ECF Nos. 22, 23.) On August 26, 2019, the Petitioner filed an Objection and Supplemental Memorandum in Support to that Supplemental Report and Recommendation. (ECF Nos. 27, 28.)

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's objections (ECF No. 21, 27, 28) are **OVERRULED**. The Report and Recommendation and Supplemental Report and Recommendation (ECF No. 20, 23) are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **GRANTS** a certificate of appealability, in part.

Petitioner challenges his conviction after a jury trial in the Muskingum County Court of Common Pleas on aggravated burglary. He asserts that his conviction violates the Confrontation Clause (claim one); that he was denied the effective assistance of trial counsel because his

attorney failed to raise a timely Confrontation Clause objection, failed to file a motion in limine to prevent the admission of prior bad acts evidence, failed to file a motion to suppress Petitioner's statements to police, failed to exercise peremptory challenges against biased jurors, failed to focus the jury pool on the State's burden of proof, waived opening argument, conducted improper cross examination of Deputy Hamilton, opened the door to admission of prejudicial hearsay statements by Brian Hohnwald, failed to object to certain statements by prosecution witnesses and jury instructions, and failed to request any lesser included jury instructions (claim two); that the evidence is constitutionally insufficient to sustain his conviction, and that it is against the manifest weight of the evidence (claim three); and that the trial court's imposition of a maximum consecutive term of incarceration violated the Double Jeopardy Clause (claim four). The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit.

Petitioner asserts that his conviction violates the Confrontation Clause, because it is based on hearsay testimony of investigating sheriffs, Deputies Hamilton and Williams, and neither the alleged victim or witness(es), Nikki Dickinson, or Brian Hohnwald, testified against him at trial, despite being subpoenaed by the prosecution. Dickinson is deaf. Deputy Hamilton testified that he communicated with her by "picking up on her gestures. Her pointing things out, her demonstrating things, and sometimes she can utter certain words." (*Transcript*, ECF No. 7-1, PAGEID # 261.) The Ohio Fifth District Court of Appeals reviewed this claim for plain error only, due to trial counsel's untimely objection under the Confrontation Clause. *See State v. Garrison*, 5th Dist. No. CT2017-0034, 2018 WL 1433184, at *2-3 (Ohio Ct. App. March 22, 2018). The Magistrate Judge therefore recommended dismissal of this claim as procedurally defaulted.

Petitioner asserts that he has established the denial of the effective assistance of counsel which establishes cause for his procedural default. He maintains that the prosecutor would or could not have compelled the appearance of the alleged victim or witnesse(s), that they would not have appeared for trial or testified against him, and that, therefore, had his attorney timely objected, the charges against him would have been dismissed. Petitioner further contends that the state appellate court unreasonably concluded that he could not establish prejudice. He again raises all of the same arguments he previously made in regard to his remaining claims of the denial of the effective assistance of trial counsel. Petitioner refers to *Richardson v. Griffin*, 866 F.3d 836 (7th Cir. 2017), in support. (*Supplemental Memorandum Supporting Objection*, ECF No. 28.)

Petitioner's arguments are not well taken. Plainly, he has procedurally defaulted his Confrontation Clause claim by failing contemporaneously to raise the issue during trial. *See Stalling v. Burt*, 772 F. App'x 296, 298-99 (6th Cir. 2019); *State v. Hairston*, 79 N.E.3d 1193 (Ohio Ct. App. 2016) ("Objection on one ground does not preserve other, unmentioned grounds.") (citations omitted); *Arias v. Lafler*, 511 F. App'x 440, 445-46 (6th Cir. 2013) (enforcing procedural default where objection to out-of-court statements made on the basis of hearsay, but not under the Confrontation Clause); *United States v. Common*, 563 F. App'x 429, 434-35 (6th Cir. 2014) (same). Further, it is the Petitioner's burden to establish cause for his procedural default. *See Arias v. Lafler*, 511 F. App'x at 444-45 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). He has failed to do so here. Nothing in the record indicates that the alleged victim and witnesse(s) would not have testified for the prosecution or that their testimony would have differed in any material respect from the statements they purportedly gave police. Therefore, Petitioner has failed to establish cause for his procedural default. *Richardson*, 866

F.3d at 836, does not involve the issue of cause for a procedural default of a claim under the

Confrontation Clause, and it does not assist him.

Petitioner's remaining claims of the denial of the effective assistance of counsel likewise

do not provide him a basis for relief. "Surmounting *Strickland's* high bar is never an easy task."

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Padilla v. Kentucky*, 559 U.S. 356, 371

(2010)).

> Establishing that a state court's application of *Strickland* was unreasonable under
> § 2254(d) is all the more difficult. The standards created by *Strickland* and §
> 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v.
> Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and
> when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at 123,
> 129 S.Ct. at 1420. . . . When § 2254(d) applies, the question is not whether
> counsel's actions were reasonable. The question is whether there is any reasonable
> argument that counsel satisfied *Strickland's* deferential standard.

*Id.* For the reasons already well detailed by the Magistrate Judge, Petitioner has failed to meet

this standard here.

Petitioner also procedurally defaulted his claim that the trial court violated the Double

Jeopardy Clause at sentencing by failing to present this federal issue to the Ohio Court of

Appeals. (See ECF No. 7, PAGEID # 111, 139-41.) Additionally, Petitioner's claim that his

conviction was against the manifest weight of the evidence is not cognizable in these

proceedings. As to Petitioner's claim of insufficiency of the evidence, federal habeas courts give

state court determinations a "double layer" of deference on this issue. As explained in *Brown v.

Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference must be given, first, to the jury's finding of

guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial

testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." Second, and

even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact

4

could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome. Petitioner has not done so here. When viewing all of the evidence in the light most favorable to the prosecution, this Court agrees that the evidence is constitutionally sufficient to sustain Petitioner's conviction.

Petitioner's objections (ECF Nos. 21, 27, 28) are **OVERRULED**. The Report and Recommendation and Supplemental Report and Recommendation (ECF No. 20, 23) are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate whether Petitioner's claims should have been resolved differently or whether this Court was correct in its procedural rulings, with the exception of the following two issues that the Court now certifies for appeal:

> 1. Can Petitioner establish cause and prejudice for his procedural default of his claim that his conviction violates the Confrontation Clause?

> 2. Is the evidence constitutionally sufficient to sustain Petitioner's conviction for aggravated burglary?

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

9-30-2019

EDMUND A. SARGUS, JR.
Chief United States District Judge