**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

STEPHEN M. GARRISON,

                Petitioner,      :      Case No. 2:18-cv-1153

  - vs -                               Chief Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                  :
                Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's Motion/Request for Certificate of Appealability which seeks to expand the certificate of appealability already issued by the Court (ECF No. 32). As a post-judgment matter, the motion is deemed referred under 28 U.S.C. § 636(b)(3). Although Petitioner has filed a Notice of Appeal (ECF No. 31), this Court retains jurisdiction to decide matters ancillary to the appeal. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46.

On September 30, 2019, District Judge Sargus entered judgment in this case, adopting the Magistrate Judge's Reports and Recommendations, except insofar as those Reports recommended denying a certificate of appealability on two issues (ECF Nos. 29, 30, adopting ECF Nos. 20, 23). The certified issues are

> 1. Can Petitioner establish cause and prejudice for his procedural default of his claim that his conviction violates the Confrontation Clause?

1

>   2. Is the evidence constitutionally sufficient to sustain Petitioner's conviction for aggravated burglary?

(ECF No. 29, PageID 930) All other possible issues for appeal were excluded from the certificate by the District Judge's adoption, with these two exceptions, of the recommendation that no certificate of appealability should issue.

Effectively, Garrison seeks an expansion of the Certificate to include "Can Petitioner establish that any one of the thirteen grounds contained in the petition that specifically relate to Ineffective Assistance of Counsel are violations of the constitution and in violation of the United States Supreme Court's holding in *Strickland [v. Washington,* 466 U.S. 668 (1984)]?" (Motion, ECF No. 32, PageID 948.)

The thirteen "grounds" referred to are thirteen sub-claims of Ground Two asserting ineffective assistance of trial counsel in thirteen different ways. The Reports and Recommendations did not consider these thirteen sub-claims cumulatively, but separately (See ECF No. 20, PageID 801-15). Each of those sub-claims could have been pleaded independently. In effect, then, Garrison seeks an expansion of the Certificate from two to fifteen issues.

Although the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") as enacted imposed the determination of whether to certify an appeal on the circuit courts, those courts quickly delegated the task to the district courts. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). That delegation has been approved by the Supreme Court in its adoption of Rule 11 of the Rules Governing § 2254 Cases.

Issuance of blanket grants or denials of certificates of appealability is error. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). To obtain a

certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

Although Petitioner recites this standard, he does not make an argument about how it applies to any one of his thirteen ineffective assistance of trial counsel sub-claims. That is, he has not attempted to show how the Court's conclusions on any of those sub-claims would be debatable among reasonable jurists. Because he has failed to make, or even attempt to make, a showing on any of his ineffective assistance of trial counsel sub-claims, his Motion to expand the certificate should be denied. Such a denial, of course, is not final; the circuit court can expand the certificate upon a showing satisfactory to that court.

October 21, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on

appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).